IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DAVID SCOTT GAFFORD, #203620, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:15-CV-524-WKW |
| ) | [WO] |
| ) | |
| COMMISSIONER J. DUNN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

## I. INTRODUCTION

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by David Scott Gafford ("Gafford"), a state inmate, currently incarcerated at the Kilby Correctional Facility ("Kilby"). Prior to his transfer to the custody of the Alabama Department of Corrections, Gafford committed an assault while incarcerated at the Butler County Jail which resulted in a conviction and sentence for third degree assault. *Compl. - Doc. No. 1* at 3. In the complaint, Gafford alleges that correctional officials subjected him to double jeopardy when they classified him as close custody based on his commission of this assault. *Id.* Gafford names Jefferson Dunn, the Commissioner of the Alabama Department of Corrections, Phyllis Billups, a warden at Kilby, Ms. White, a classification specialist, and State Classification as defendants in this case. Gafford seeks a lower custody classification and placement in general population. *Id.* at 4.

Upon review of the complaint, the court concludes that this case is due to be dismissed upon application of 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## II.  DISCUSSION

### A.  Double Jeopardy

Gafford asserts that his assignment to close custody based on an assault committed at the Butler County Jail constitutes double jeopardy as he was convicted and "sentenced to prison for the Assault III." *Compl. - Doc. No. 1* at 3. The Supreme Court has consistently held that "the Double Jeopardy Clause provides three related protections: 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction.  And it protects against multiple punishments for the same offense.'" *United States v. Wilson,* 420 U.S. 332, 343 (1975) (internal citation omitted).

> The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." We have long recognized that the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, "'in common parlance,'" be described as punishment. *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 549, 63 S. Ct. 379, 387, 87 L. Ed. 443 (1943) (quoting *Moore v. Illinois*, 14 How. 13, 19, 14 L. Ed. 306 (1852)). The Clause protects only against the imposition of multiple ***criminal*** punishments for the same offense, *Helvering v. Mitchell*, 303 U.S. 391, 399, 58 S. Ct. 630, 633, 82 L. Ed. 917 (1938); *see*

---

[1]The court granted Gafford leave to proceed *in forma pauperis*.  *Order of July 24, 2015 - Doc. No. 3*.  This court must therefore screen the complaint under 28 U.S.C. § 1915(e)(2)(B) which requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

> *also Hess*, *supra*, at 548-549, 63 S. Ct., at 386-387 ("Only" "criminal punishment" "subject[s] the defendant to 'jeopardy' within the constitutional meaning"); *Breed v. Jones*, 421 U.S. 519, 528, 95 S. Ct. 1779, 1785, 44 L. Ed. 2d 346 (1975) ("In the constitutional sense, jeopardy describes the risk that is traditionally associated with a criminal prosecution"), and then only when such occurs in successive [criminal] proceedings, *see Missouri v. Hunter*, 459 U.S. 359, 366, 103 S. Ct. 673, 678, 74 L. Ed. 2d 535 (1983).

*Hudson v. United States*, 522 U.S. 93, 98-99 (1997) (emphasis in original). The Double Jeopardy Clause does not apply to proceedings that are not "essentially criminal." *Breed*, 421 U.S. at 528. It is clear that prison classification proceedings are not part of a criminal prosecution. *See United States v. Mayes*, 158 F.3d 1215, 1224 (11th Cir. 1998); *cf. Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

In a double jeopardy challenge by federal prisoners to criminal charges based on the same offense conduct underlying prison disciplinary sanctions, including placement in maximum security prisons and confinement in disciplinary segregation, the Eleventh Circuit determined that "[p]rison officials have no authority to alter the inmates' original criminal sentences. They merely implement disciplinary proceedings that may, at most, change the conditions of the inmates' confinement for purposes of maintaining institutional order and encouraging compliance with prison rules." *Mayes*, 158 F.3d at 1224. Based on this determination, the Court refused to declare the administrative actions of prison officials in imposing sanctions on the inmates "criminal" and rejected the prisoners' double jeopardy challenges to their subsequent criminal prosecutions. *Id*. It is therefore clear that

the assignment of Gafford to close custody and the attendant confinement in lock-up for security purposes is not "punishment" for double jeopardy purposes. *Hudson*, 522 U.S. at 98-99 (1997) (The Double Jeopardy Clause does not prohibit additional sanctions merely because the sanctions could be commonly described as punishment.); *Taylor v. Gomez*, 182 F.3d 927 (9th Cir. 1999) (Inmate's double jeopardy claim "lack[ed] merit [because] district court correctly reasoned that [his] custody classification is not punishment, but rather a method of housing inmates based on their behavior."); *Welch v. Epps*, 103 Fed. App'x 828 (5th Cir. 2004) (mere change in custodial status does not qualify as a second "punishment" for double jeopardy purposes); *Butler v. McDonough*, 2007 WL 2071530, *8 (M.D. Fla. 2007) (The protections of the Double Jeopardy Clause "apply to criminal trials, not . . . subsequent inmate classifications utilized by jail officials to maintain safety and security."). Consequently, Gafford has failed to state a plausible claim with respect to a violation of the Fifth Amendment's protection against double jeopardy and this claim is subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.  Due Process

Insofar as the complaint can be construed to raise a claim of entitlement to placement in a more favorable custody classification and/or present a challenge to Gafford's placement in close custody, he is likewise entitled to no relief. The law is well settled that an inmate in the Alabama prison system has no constitutionally protected

4

interest in the procedure affecting his classification because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Francis v. Fox*, 838 F.2d 1147 (11th Cir. 1988); *Jones v. Diamond*, 594 F.2d 997 (5th Cir. 1979). Thus, Gafford has no constitutionally protected interest in being granted a particular custody classification and any claim to the contrary is due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 10, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District

Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 27th day of July, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE